Matter of McCorry v BOCES of Clinton, Essex, Warren & Wash. Counties (2019 NY Slip Op 06837)





Matter of McCorry v BOCES of Clinton, Essex, Warren & Wash. Counties


2019 NY Slip Op 06837


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

528229

[*1]In the Matter of the Claim of Cindy Lee McCorry, Appellant,
v
BOCES of Clinton, Essex, Warren and Washington Counties et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Niles, Bracy & Mucia, PLLC, Plattsburgh (John M. Crotty of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed June 27, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant sustained work-related injuries to her right knee in 2010 and 2012 and was awarded benefits. In December 2016, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, ruled that claimant sustained a 40% schedule loss of use of her right knee (apportioning 50% to each accident), suffered a 75% loss of wage-earning capacity and was attached to the labor market. Claimant and the self-insured employer each appealed, and the Workers' Compensation Board ruled, among other things, that claimant failed to demonstrate attachment to the labor market. Following a hearing on this issue, a WCLJ found that claimant was not attached to the labor market. Claimant then filed an application for Board review in January 2018 — utilizing form RB-89. Following receipt of the employer's rebuttal, the Board denied claimant's application based upon her failure to comply with 12 NYCRR 300.13 (b) (1), finding that claimant's failure to properly complete question number 15 of the subject form rendered her application defective. Claimant appeals.
Effective October 3, 2016, "an application for [Board] review 'must be filled out completely' in the format prescribed by the [Board's] Chair" (Employer: Clean Air Quality Service, Inc. , 2018 WL 3203305, *1, 2018 NY Wkr Comp LEXIS 5753, *3 [WCB No. G082 9752, June 26, 2018], quoting 12 NYCRR 300.13 [b] [1]; see Employer: Quad/Graphics Inc. , 2018 WL 3322361, *1, 2019 NY Wkr Comp LEXIS 5861, *3 [WCB No. G126 6863, June 27, 2018]). In this regard, the Board has made clear that "forms RB-89 and
RB-89.1 will not be considered complete where a party responds to items on the form merely by referring to attached documentation without further explanation or where critical items are left blank (particularly in response to [i]tems 11 through 15 on form RB-89" (Employer: Pavilion Volunteer Fire Dept. , 2019 WL 1875108, *2, 2019 NY Wkr Comp LEXIS 4103, *5-6 [WCB No. FA01 0404, Apr. 17, 2019]). Specifically, the Board has held that "a party cannot respond to [i]tem . . . 15 by leaving the section blank on the[] RB-89 form" (Employer: Clean Air Quality Service Inc. , 2018 WL 3203305 at *2, 2018 NY Wkr Comp LEXIS 5753 at *3; accord Employer: English Rose Corp. , 2018 WL 2080528, *2, 2018 NY Wkr Comp LEXIS 3827, *3 [WCB No. G111 5191, Apr. 26, 2018]).[FN1]
Here, claimant responded to question number 15 of form
RB-89 by leaving that item blank — a response that the Board has long (and consistently) deemed to be unacceptable (see Employer: Logan Bus Co. Inc. , 2019 WL 328256, *2, 2019 NY Wkr Comp LEXIS 607, *3 [WCB No. G122 9470, Jan. 18, 2019]; Employer: Jewish Child Care Association , 2018 WL 4046764, *2, 2018 NY Wkr Comp LEXIS 7479, *6 [WCB No. G177 2627, Aug. 15, 2018]; Employer: Norampac New York City Inc. , 2018 WL 3322371, *1, 2018 NY Wkr Comp LEXIS 5871, *2-3 [WCB No. G140 0033, June 27, 2018]; Employer: Clean Air Quality Service, Inc. , 2018 WL 3203305 at *2, 2018 NY Wkr Comp LEXIS 5753 at *3-4; Employer: Chestnut Ridge Transport , 2018 WL 2466006, *3, 2018 NY Wkr Comp LEXIS 4893, *3 [WCB No. G017 8488, May 30, 2018]; Employer: English Rose Corp. , 2018 WL 2080528 at *2, 2018 NY Wkr Comp LEXIS 3827 at *3). Accordingly, we cannot say that the Board abused its discretion in denying claimant's application for review. To the extent that claimant argues that she was not afforded sufficient notice of the degree of specificity required by the Board, we find this argument to be unpersuasive in light of the Board's published decisions and instructional materials in this regard (see note, supra ). Claimant's remaining arguments have been examined and found to be lacking in merit.
Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the Board initially provided a brief and unofficial grace period for parties to comply with 12 NYCRR 300.13, it thereafter advised parties that, effective May 26, 2017, all applications — other than those filed by unrepresented claimants — had to be filled out completely or such applications would be denied (see Employer: Chestnut Ridge Transport , 2018 WL 2466006, *1-2, 2018 NY Wkr Comp LEXIS 4893, *3 [WCB No. G017 8488, May 30, 2018]; Employer: Nexans USA Inc. , 2017 WL 2124730, *1, 2017 NY Wkr Comp LEXIS 7063, *2-3 [WCB Nos. G120 4691, G1204332, May 3, 2017]; Workers' Compensation Bd Release Subject No. 046-940 [Apr. 27, 2017]). Claimant's application for Board review was filed in January 2018, and the Board's decisions in effect at that point in time with respect to 12 NYCRR 300.13 in general and question number 15 in particular (see e.g. Employer: Western Temp Service , 2017 WL 8682896, *1, 2017 NY Wkr Comp LEXIS 14528, *2 [WCB No. 6971 1892, Dec. 28, 2017]; Employer: Suffolk Center , 2017 WL 6349566, *1, 2017 NY Wkr Comp LEXIS 13657, *3-4 [WCB Nos. G059 3575, G023 9944, Nov. 30, 2017]; Employer: TL Cannon Mgmt. Corporation , 2017 WL 2635235, *2, 2017 NY Wkr Comp LEXIS 8402, *5 [WCB No. G049 4750, June 13, 2017]) are entirely consistent with its more recent pronouncements.